## GOODMAN v. SEELY.
### No. 12330.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 24, 1951.

Rehearing Denied Nov. 21, 1951.

J. C. Hall, E. G. Henrichson, Edinburg, for appellant.

W. R. Sessions, Susan Whitley Sessions, Dallas, for appellee.

NORVELL, Justice.

The one special issue submitted to the jury and the answer thereto are as follows:

"Issue No. 1. Do you find from a preponderance of the evidence that defendant, Goodman, orally promised that if plaintiff, Seely, would loan to Schaub the sum of $15,000.00 on the Collins County land, he, the defendant, Goodman, would pay to the plaintiff, Seely, the sum of $5,000.00?"

Answer: "Yes, he did promise to pay $5,000.00."

The court rendered judgment upon the verdict for $4,200, being the sum found by the jury less certain undisputed credits.

The appellant brings the case here upon the contention that the agreement to pay the $5,000 was usurious and without consideration.

It appears that appellant, Jim B. Goodman, Sr., had made a contract with a man named Schaub to sell him some land in Collins County for the sum of $35,000. (Seely then held a mortgage on the land for $18,000, which was discharged in the transaction whereby Schaub acquired title to the property.) Goodman requested that a $15,000 loan be made to Schaub in connection with the proposed sale, to be secured by a lien against the land. Seely made the loan and the interest which Schaub agreed to pay did not run over ten per cent per annum. However, if added to the $5,000, which the jury found Goodman agreed to pay, the ten per cent limit would be exceeded. The question presented is whether or not the $5,000 bonus paid by Goodman constituted interest as that term is defined by Article 5069, Vernon's Ann.Civ.St.

Goodman was in no way liable to Seely for the repayment of the principal or interest of the $15,000 advanced to Schaub. There is no showing that Schaub, the borrower, had knowledge of the agreement between Goodman and Seely, whereby Goodman agreed to pay $5,000 if Seely would loan Schaub $15,000. It may be inferred that Goodman was interested in Schaub's procuring the loan in order that the contract for the sale of the Collins County land could be carried out. However that may be, the undisputed evidence and the jury finding show that Goodman agreed to pay Seely $5,000 if Seely would loan Schaub $15,000, and that Seely made the requested loan to Schaub.

The defense of usury is not available to Goodman. He is not liable upon the loan, nor is any of his property pledged to secure its payment. There is no showing that he would in any way be prejudiced if the loan were not repaid. This is a case where one for purposes of his own agrees to pay a certain sum to induce another to loan money to a third person who knows nothing of the transaction.

In Corpus Juris it is said that: "Ordinarily, a bonus given or paid by a stranger to a contract of loan or forbearance, for his own purposes or reasons sufficient to himself, to induce the making of such contract by the lender, does not affect the contract with usury, particularly where it is without the knowledge or consent of the debtor, the purpose underlying usury statutes, which is the protection of debtors against hardship and oppression, having no relevancy where the only loss or detriment is to a stranger." 66 C.J. 229, Usury, § 165.

The nearest case upon the facts that has been called to our attention is that of Madison University v. White, 25 Hun 490, decided by the Supreme Court of New York (3d Dept.) in 1881, from which we quote: "It appears that the personal representative of the estate of Samuel White through their agent Joseph Mason, subscribed and paid $250 to the plaintiff's library fund, and the plaintiff (Madison University) accepted this sum for the benefit of that fund as an inducement to the loan of $12,000 made by the plaintiff to the defendants John L. and

George C. White, payment of which was secured by the bond and mortgage in suit. * * * The making of the subscription and the payment thereof and the offer to make the same was without the knowledge or consent of either of the defendants, and was not made by them or either of them, nor by their agent, nor by any person acting in their interest or for them; and the said defendants did not, nor did either of them ever agree with the plaintiff or any of its officers or agents, or with the said Mason, the said administrators, or with any other person to pay any part of said $250 so subscribed for such library fund and paid the plaintiff as aforesaid, but the said subscription was made and the same was paid by said Mason as attorney for said administrators and estate of Samuel White, and out of said estate, so that they might make a sale of said lands and receive the money therefrom. * * * The question then is this, may the defendants, the mortgagors, insist that the bonus of $250 paid to the plaintiff, by a third party as a condition of a loan, without their knowledge and consent, and which was never, first or last, paid or agreed to be paid by them, and was never charged to them, rendered the bond and mortgage void for usury? There were reasons stated by Judge Mason and by the personal representatives of Samuel White's estate, why they were interested to have the loan made to the mortgagors, and hence were willing to pay the $250 to secure that result. It is, however, sufficient here to say that those reasons were entirely personal to the parties who made the payment and in no way affected or concerned the defendants, the borrowers of the $12,000. The latter received the entire amount of the $12,000 loaned to them, under no agreement or understanding with the plaintiff that they should pay or be charged with any sum whatever save the money advanced, with lawful interest as a condition of the loan. They got the full sum they contracted for with no condition attached of any name or nature whatever, save what was expressed in the bond and mortgage given to secure its payment. Those instruments provided for the payment of the money actually loaned with lawful interest only. The

arrangement for the payment of the bonus was entirely outside and independent of their agreement for the loan. How then could the former render the latter void?" 25 Hun 495, 496.

The New York Court held that the obligation sued upon was not usurious.

 We hold that the agreement to pay a bonus as found by the jury, does not constitute an agreement to pay "interest," and hence was not usurious. Said agreement was supported by a valuable consideration and the judgment should be affirmed. It is accordingly so ordered.

Affirmed.